IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

KENNETH CORNELIUS POWELL          *
#187 215
        Plaintiff,          *

        v.          *          2:11-CV-114-WHA
(WO)

LARRY ANGLIN, *et al.*,          *

        Defendants.          *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amended complaint filed by Plaintiff, a state inmate currently incarcerated at the Easterling Correctional Facility ["Easterling"]. Plaintiff seeks to challenge the actions of correctional officials with respect to his classification as a restricted offender. Plaintiff names as defendants Larry Anglin, Sherry Seals, Louis Boyd, Associate Commissioner of Operations, Associate Commissioner of Programs, and Stephanie Atchison. As relief, Plaintiff seeks damages and a court order that Defendants remove him from the restricted offender classification. (*Doc. Nos. 1, 6.*)

Upon review of the complaint, as amended, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

_____

[1]The court granted Plaintiff leave to proceed *in forma pauperis* in this cause of action. (*Doc. No. 3.*) A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or

## I.  DISCUSSION

*A.  Equal Protection*

Plaintiff asserts that Defendants have denied him equal protection because they have removed other inmates from restricted offender status while his requests for such treatment have been denied. (*Doc. Nos. 1*, 6.)  This claim entitles Plaintiff to no relief.

In order to establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)."  *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).  "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact....  [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause."  *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977).  "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable

seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where Plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff utterly and completely fails to meet his pleading burden as he does not allege that Defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. To the extent Plaintiff relies on the fact that some inmates other than himself have been removed from restricted offender status as the basis for this claim, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause. *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Plaintiff's claim of discrimination does not rise to the level of an equal protection violation and, therefore, provides no basis for relief in this 42 U.S.C. § 1983 action. Consequently, this claim is subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

*B. Due Process*

To the extent Plaintiff complains that the classification level assigned to him at Easterling is improper, he is likewise entitled to no relief.  An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Because Plaintiff has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process.  Thus, any claim challenging the decision to classify Plaintiff as a restricted offender is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before **May 3**, **2011** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of April 2011.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE